**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02101-WJM

LANNIE WILLIAMS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER ON REMAND

This matter is before the Court on Plaintiff's Motion to Assign the Case Upon Remand to an ALJ Who Did Not Previously Hear the Case, ECF No. 29, filed May 20, 2011. For the following reasons, the Court recommends that this matter be reviewed by a new Administrative Law Judge ("ALJ") on remand.

### BACKGROUND

On May 4, 2011, the Court heard oral argument in this case regarding Plaintiff's appeal of a denied application for a period of disability, social security disability benefits, and supplemental security income. (ECF No. 25.) Following oral argument, the Court reversed the ALJ's decision to deny benefits to Plaintiff and remanded the matter to the ALJ for further proceedings. (*Id.*) Citing potential bias, Plaintiff then requested that the matter be reassigned to a new ALJ on remand. (*Id.* at 2; ECF No. 29.) This issue is now before the Court.

**DISCUSSION**

Agency procedures provide that a remanded case will be assigned "to the ALJ who issued the hearing decision unless . . . (t)he court or Appeals Council directed that the case be assigned to a different ALJ. . . ." HALLEX 1-2-8-18 (B)(4), 1993 WL 643058 (June 16, 2006). "To whom a case should be remanded is generally within the province of the [Commissioner's] responsibility." *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993). "Selecting a new ALJ is a decision for the [Commissioner] to make when there has been no proof of bias or partiality by the original ALJ of the case." *Id.* "The right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). Where the ALJ's treatment of a claimant is "unacceptable and violated claimant's right to a full and fair hearing," *id.*, "then the transfer of the case to a different administrative law judge is an automatic consequence of reversal." *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996). However, where the tone of the ALJ's decision suggests bias but it is not overt, reversal to a new ALJ is not automatic. *Id.*.

Here, in ALJ William Musseman's February 27, 2007 decision, the ALJ contrasted testimony from a hearing before him with evidence on the record and determined that "the claimant's statements concerning the intensity, persistence and limiting effects of [Plaintiff's ailments] are not credible." (Admin. Record "R" at 21.) Plaintiff's medical record is replete with diagnoses of irritable bowel syndrome ("IBS"), chronic back pain, shortness of breath, poor physical stamina, anxiety disorder, among others. (R. at 402, 159-60, 162.) Yet the ALJ concluded Plaintiff's "testimony is inconsistent with the treatment record." (*Id.* at 22.) Plaintiff argues that the ALJ's initial

determination that Plaintiff's testimony is not credible shows bias and should therefore cause the Court to remand the matter to a new ALJ. (Pl.'s Mot. at 3.)

The Court agrees that the tone of the ALJ's opinion suggests he may have formed an opinion of Plaintiff that will prevail on remand. Further, the Court notes ALJ Musseman has only a 16.7 percent favorable/partially favorable approval rate of cases after remand.[1] (*Id.* at 7 n.7.) Based on the record before it, the Court finds there is insufficient evidence to establish sufficient overt bias on the part of ALJ Musseman to require an automatic remand to a different ALJ. The Court does find, however, that the record contains evidence that ALJ Musseman may harbor some bias against Plaintiff, such that the likelihood Plaintiff will receive a fair and impartial hearing on remand may reasonably be called into question. The Court therefore recommends that on remand the Commissioner assign this case to a different ALJ. *Sarchet*, 78 F.3d at 309 ("If there is sufficient evidence of bias to entitle the claimant to review by a different administrative law judge, . . . then the transfer of the case to a different administrative law judge is an automatic consequence of reversal. But we do not think that that point was reached here, and we therefore do not order, but merely recommend, that the case be transferred.")

## CONCLUSION

Based on the foregoing, the Court Orders as follows:

1) The ALJ's determination that Plaintiff is not disabled is REVERSED, and this matter is REMANDED for further proceedings consistent with the

---

[1] The Court is relying on the accuracy of the information provided to it by Plaintiff.

Court's May 4, 2011 oral ruling; and

2) The Court recommends that the Commissioner assign this matter to a new ALJ on remand.

Dated this 24th day of May, 2011.

BY THE COURT:

William J. Martinez
United States District Judge